# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| FABIOLA TORRES | § § | |
| v. | § § | CASE NO. 3:19-CV-0404-S |
| QUIKTRIP CORPORATION d/b/a QUIKTRIP #974 | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Fabiola Torres's ("Plaintiff") Motion to Remand [ECF No. 13]. For the following reasons, the Motion is denied.

## I.  BACKGROUND

Plaintiff originally filed this lawsuit in state court, alleging that on or about April 25, 2017, she "slipped and fell on a wet substance on [QuikTrip Corporation's ("Defendant")] premises." Orig. Pet. 2. She stated that she was seeking monetary relief "over $200,000 but not more than $1,000,000." *Id.* at 1. On February 18, 2019, Defendant removed the matter to this Court on the basis of diversity of citizenship. *See* ECF No. 1. Now, Plaintiff moves to remand the case to state court because her damages do not exceed $75,000. Mot. to Remand 1.

## II.  ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *Id.* § 1332(a)(1). In this case, it is undisputed that Plaintiff and Defendant are citizens of different

states. Plaintiff is a citizen of Texas, and Defendant is a citizen of Oklahoma. *See* Notice of Removal 2. Thus, the only issue is whether the amount in controversy exceeds $75,000.

"[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)). "Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citations omitted).

Here, Plaintiff contends that her damages do not exceed $75,000, that her past medical expenses do not exceed $40,000, and that she has amended her petition[1] to plead damages below $75,000. *See* Mot. to Remand 1. However, it is facially apparent from the Original Petition, which was operative at the time of removal, that the amount in controversy exceeded $75,000. In her Original Petition, Plaintiff alleged damages not only for past medical expenses, but also for, among other things, past and future physical pain, mental anguish, lost wages, loss of earning capacity, physical impairment, and medical and hospital expenses. Orig. Pet. 4-5. And, Plaintiff specifically asked for monetary relief between $200,000 and $1,000,000. *Id.* at 1. This is not an ambiguous statement of the amount in controversy. Jurisdiction attached at the time of removal, and Plaintiff offers no other grounds for remand.

### III.    CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's Motion to Remand.

---

[1] Plaintiff attaches her First Amended Petition as an exhibit to the Motion to Remand, but she has neither filed it nor moved for leave to file it. However, Plaintiff's failure to file the First Amended Petition does not change the outcome of the Court's analysis of the Motion to Remand.

**SO ORDERED.**

SIGNED August 8, 2019.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**

3